[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is a presentment brought by the petitioner, the statewide grievance committee, against the respondent, Joseph DeLucia, pursuant to Practice Book § 2-47(a).[1] A presentment hearing was held on March 17, 2003, during which the parties presented the court with an agreed stipulation of facts and a proposed disposition for the court to consider.
The parties agreed to the following underlying facts: The respondent was duly admitted as a member of the bar of the state of Connecticut on April 30, 1990. During 2000 and 2001, the respondent improperly removed thirteen civil files from the Bridgeport Superior Court clerk's office. These files pertained to matters in which the respondent represented plaintiffs and were removed to avoid the entry of nonsuits and/or dismissals due to the respondent's noncompliance with defense discovery requests. When confronted by the clerk's office regarding the removal of the files, the respondent initially denied removing them. Later, however, the respondent admitted that he had in fact removed the files, and he eventually returned them unaltered and reported his misconduct through his counsel to the petitioner. The parties agree that these acts violated rules 3.4(1), 8.4(3) and 8.4(4) of the Rules of Professional Conduct.[2]
The proposed disposition specifies that the respondent shall be suspended from the practice of law in the state of Connecticut for one year commencing April 15, 2003. At the completion of the one year suspension, the respondent will not be required to apply for readmission to the bar, but will, as a condition of his automatic readmission, be required to take and receive a minimum passing score on the Multistate Professional Responsibility Examination (MPRE) as required by the Connecticut Bar Examining Committee. The respondent shall provide written proof of a passing grade on the MPRE to the Office of the Statewide Bar Counsel within one week of receiving the passing grade. Additionally, the respondent shall continue treating with Dr. Joseph D'Apice or another CT Page 4188 board certified psychiatrist approved by the petitioner and shall submit to the petitioner reports prepared by the treating psychiatrist. The first report, which must be received on or before May 1, 2003, shall address the respondent's past and present mental health issues as they relate to the respondent's fitness to practice law, a description of any medication prescribed by the doctor, and the recommended course of treatment. Thereafter, supplemental reports must be received by the petitioner on or before July 1, 2003, October 1, 2003, and January 1, 2004, and must address the respondent's mental health status and his compliance with treatment requirements and recommendations. A final report is to be received by the petitioner on or before March 15, 2004, regarding the respondent's mental health at that time, its relation to his fitness to practice law and any future treatment recommendations. Upon satisfaction of these conditions, the respondent will be automatically reinstated to the bar of the state of Connecticut on April 15, 2004. If the petitioner concludes that the respondent should not be automatically reinstated due to the content of the psychiatric reports, failure to take or receive a passing grade on the MPRE or for any other reason, the petitioner shall notify the court.
 DISCUSSION AND RULING
A presentment proceeding "is neither a civil action nor a criminal proceeding, but is a proceeding sui generis, the object of which is not the punishment of the offender, but the protection of the court." (Internal quotation marks omitted.) Statewide Grievance Committee v.Rozbicki, 219 Conn. 473, 483, 595 A.2d 819 (1991), cert. denied,502 U.S. 1094, 112 S.Ct. 1170, 117 L.Ed.2d 416 (1992).
Attorneys in the state of Connecticut must adhere to strict ethical standards so as to protect the courts and the public from attorney misconduct. Our courts have explained: "An attorney as an officer of the court in the administration of justice, is continually accountable to it for the manner in which he exercises the privilege which has been accorded him. His admission is upon the implied condition that his continued enjoyment of the right conferred is dependent upon his remaining a fit and safe person to exercise it, so that when he, by misconduct in any capacity, discloses that he has become or is an unfit or unsafe person to be entrusted with the responsibilities and obligations of an attorney, his right to continue in the enjoyment of his professional privilege may and ought to be declared forfeited . . . Therefore, [i]f a court disciplines an attorney, it does so not to mete out punishment to an offender, but [so] that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the CT Page 4189 important functions of the legal profession." (Internal quotation marks omitted.) Doe v. Statewide Grievance Committee, 240 Conn. 671, 684-85,694 A.2d 1218 (1997). "In determining whether an attorney violated the Rules of Professional Conduct and the appropriate sanction to impose, the trial court possesses a great deal of discretion." (Citations omitted.)Statewide Grievance Committee v. Egbarin, 61 Conn. App. 445, 453,767 A.2d 732, cert. denied, 255 Conn. 949, 769 A.2d 64 (2001).
In this case, it is undisputed that the respondent committed misconduct by removing the files from the Clerk's Office in the Bridgeport Superior Court. The parties agree that the respondent's acts violated rules 3.4(1), 8.4(3) and 8.4(4) of the Rules of Professional Conduct. The sole issue before this court is whether the stipulated disposition is an appropriate disciplinary sanction. In addressing this issue, while not officially adopted as rules by the Judges of the Superior Court, the court finds guidance in the American Bar Association's Standards (ABA standards) for Imposing Lawyer Sanctions. See, e.g., Statewide GrievanceCommittee v. Egbarin, supra, 61 Conn. App. 460 n. 12.
Standard 3.0 of the ABA standards provides: "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors.
In this case, there is no question that the respondent violated ethical duties that go to the heart of our legal system: his dishonesty in removing court files from the Clerk's Office extends to the court, his clients, and opposing counsel. Our Supreme Court noted long ago, "[a]simportant as it is that an attorney be competent to deal with theoftentimes intricate matters which may be entrusted to him, it isinfinitely more so that he be upright and trustworthy." In re Peck,88 Conn. 447, 450, 91 A. 274 (1914) (emphasis added). The respondent also violated other fundamental ethical duties in that he obstructed access to the files by taking them from the clerk's office and engaged in conduct prejudicial to the administration of justice since the court, without the files, could not act on them. The stipulated facts suggest that the respondent may have been suffering from a mental ailment during the period at issue. However, it is clear that the respondent's actions, even if committed while suffering from some mental infirmity, could have resulted in dire consequences for his clients.
The final consideration for the court is any aggravating or mitigating factors. Standard 9.22 of the ABA standards lists the aggravating factors as: (a) prior disciplinary offenses; (b) dishonest or selfish motives; CT Page 4190 (c) a pattern of misconduct; (d) multiple offenses; (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or order of the disciplinary agency; (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process; (g) refusal to acknowledge wrongful nature of conduct; (h) vulnerability of victim; (i) substantial experience in the practice of law; (j) indifference to making restitution; (k) illegal conduct, including that involving the use of controlled substances.
In this case, there is no evidence of prior disciplinary offenses by the respondent. The stipulated facts do, however, demonstrate that the respondent acted with dishonest and selfish motives in that he removed the files because he was overwhelmed with work and sought to avoid potential nonsuits in the cases in question. The stipulated facts further demonstrate that there was a pattern of misconduct as the respondent removed thirteen separate files over a two-year period. Although the respondent initially denied removing the files, he eventually admitted the misconduct and returned the files unaltered. Through counsel, he subsequently informed the petitioner of his misconduct and has since fully complied throughout the disciplinary process. The court notes that the respondent has practiced law for over ten years, and thus, undoubtedly knew his actions were wrong. This case does not present any issue of restitution as the stipulated facts do not make mention of any financial losses having been incurred as a result of the respondent's misconduct. Finally, there is no evidence that the respondent has been charged or convicted of any crimes related to this matter.
The court now turns to the mitigating factors. Standard 9.32 of the ABA standards lists the mitigating factors as: (a) absence of a prior disciplinary record; (b) absence of a dishonest or selfish motive; (c) personal or emotional problems; (d) timely good faith effort to make restitution or to rectify consequences of misconduct; (e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings; (f) inexperience in the practice of law; (g) character or reputation; (h) physical disability; (i) mental disability or chemical dependency including alcoholism or drug abuse when: (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability; (2) the chemical dependency or mental disability caused the misconduct; (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of a successful rehabilitation; and (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely; (j) delay in disciplinary proceedings; (k) imposition of other penalties or sanctions; (l) remorse; (m) remoteness of prior offenses. CT Page 4191
The court has already addressed subsections (a), (b), (d), (e), (f), (j), and (l) in its analysis of the aggravating factors. With respect to the remaining factors, the court notes that the respondent has sought psychiatric treatment, demonstrating that he is addressing the emotional issues which he was dealing with at the time he removed the files. There is no evidence before the court relating to the respondent's character or reputation or that sanctions have been imposed on the respondent in the past.
"[O]f paramount importance in attorney disciplinary matters is the protection of the court, the profession of the law and of the public against offenses of attorneys which involve their character, integrity and professional standing." (Internal quotation marks omitted.) StatewideGrievance Committee v. Shluger, 230 Conn. 668, 681, 646 A.2d 781 (1994). The court finds that the proposed disposition adequately protects the court, the legal profession and the public against such future actions by the respondent. The court therefore approves the disposition offered by the parties. Consequently, the court orders the following:
1) The respondent shall be suspended from the practice of law in the State of Connecticut for one year commencing April 15, 2003;
2) At the conclusion of the respondent's suspension, the respondent will not be required to apply for readmission to the bar in accordance with Practice Book § 2-53;
3) Prior to his automatic reinstatement to the bar on April 15, 2004 and as a condition thereto, the Respondent shall take the MPRE and receive a minimum passing score as required by the Connecticut Bar Examining Committee. The respondent shall provide written proof of a passing grade on the MPRE to the Office of the Statewide Bar Counsel within one week of receiving the passing grade.
4) The respondent shall continue treating with Dr. Joseph D'Apice or another board certified psychiatrist approved by the petitioner and shall submit timely reports from the treating psychiatrist to the Office of the Statewide Bar Counsel in accordance with the following schedule:
a) an initial report is to be submitted on or before May 1, 2003, regarding the respondent's past and present mental health issues as they relate to the respondent's fitness to practice law, a description of any medication prescribed by the doctor, and the recommended course of treatment;
b) supplemental reports to be submitted on or before July 1, 2003, CT Page 4192 October 1, 2003, and January 1, 2004, regarding the respondent's mental health status and his compliance with treatment requirements and recommendations;
c) a final report to be submitted on or before March 15, 2004, regarding the respondent's mental health at that time, its relation to his fitness to practice law and any future treatment recommendations;
5) Subject to his compliance with the stipulated conditions, the respondent will automatically be reinstated to the bar of the State of Connecticut on April 15, 2004;
6) Should the petitioner conclude that the respondent should not be automatically reinstated due to the content of the psychiatric reports, failure to take or receive a minimum passing grade on the MPRE or for any other reason, the petitioner shall notify the court.
 THE COURT RONAN, J.